IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT HEARD, #373634-11-2, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-0430-L-BK |
| | § | |
| DAVID L. HORAN, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Georgia state prisoner, filed a *pro se* complaint against United States Magistrate Judge David L. Horan, Judge B. Avant Edenfield, Magistrate Judge W. Leon Barfield, Dallas Cowboy Owner Jerry Jones, former President George W. Bush, Jr., and unspecified Georgia inmates. Plaintiff requests leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff, a serial filer, has already accrued three strikes under section 1915(g). Before filing this action, he had at least three civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See e.g. Heard v. Moye*, 1:02-CV-0720 (N.D. Ga. Apr. 15, 2002) (dismissing for failure to state a claim under 28 U.S.C. § 1915A);

*Heard v. Bush*, 1:02-CV-0354 (N.D. Ga. Feb. 25, 2002) (same); *Heard v. Hall*, 6:00-CV-0105 (S.D. Ga. Mar. 15, 2001) (same); *see also Heard v. Comm'r, GA DOC*, 486 Fed. Appx. 780 *2 (11th Cir. 2012) (affirming dismissal for failure to state a claim). Numerous courts have also dismissed Plaintiff's prior cases as barred by the three-strike provision. *See e.g. Heard v. Donald*, 310 F. App'x 348, 349 n. 2 (11th Cir. 2009) (noting that Plaintiff was barred by three strikes, but reversing because the district court's injunction, barring Plaintiff from bringing any claims in that court until he paid his accrued filing fee debt, was overly broad and did not consider the imminent danger exception); *Heard v. United States District Court*, No. 3:13-CV-017, 2013 WL 791833 *1 (S.D. Ga. Feb. 7, 2013), recommendation accepted, 2013 WL 791848 (S.D. Ga. Mar. 4, 2013) (collecting prior strikes and dismissals under section 1915(g)); *Heard v. Danforth*, No. 7:12-CV-005, 2012 WL 463812 *1 (M.D. Ga. Feb. 13, 2012) (same); *Heard v. Tanner*, No. 3:11-CV-0382, 2011 WL 5149186 *1 (S.D. Ga. Sep. 28, 2011), recommendation accepted, 2011 WL 5118890 (S.D. Ga. Oct. 25, 2011) (same); *Heard v. Terry*, No. 5:10-CV-0292 (M.D. Ga. Aug. 26, 2010) (same); *see also Herd v. Owens*, No. 3:13-CV-4830-D-BN, 2014 WL 314738 *2 (N.D. Tex. Jan. 28, 2014) (accepting recommendation and dismissing case as frivolous, but noting Plaintiff was a "serial filer" who was barred by the three-strike provision).[1]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir.

---

[1] According to the Public Access to Court Electronic Records (PACER), Plaintiff has filed over 100 civil actions in Georgia federal courts alone suing government officials. He has acknowledged in his pleadings that he is a mental health patient, suffering from paranoia and depression. *Heard v. Owens*, No. 1:11-CV-2357 (N.D. Ga. Sep. 27, 2011) (Doc. 4 at 3 n. 1). Although Plaintiff is presently incarcerated under prisoner number 373634, he initially accrued dismissals under prisoner number 106028. *See Heard v. Terry*, No. 5:10-CV-0292 (M.D. Ga. Aug. 26, 2010) (counting for purposes of three-strike provision dismissals under prisoner number 106028).

1998) (*per curiam*). Even when liberally construed, the *Complaint* presents no such claim. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff offers only allegations that are difficult to decipher of unspecified physical and emotional sufferings, the murder of his mother, the dismissal of two of his prior cases, an attempted murder on his sister, the alteration of his personality and some of his body parts, and the stealing of his money. [Doc. 3 at 3-4]. Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] be **DENIED** and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the re-filing of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the re-filing of this lawsuit with full payment of the $400.00 filing fee.[2]

**SIGNED** February 11, 2014.

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE